IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELZBIETA CHWASCINSKA, | |
| Plaintiff, | Case No. |
| v. | Civil Action |
| MICHAEL CHERTOFF, Secretary of U.S. Department of Homeland Security; MICHAEL B. MUKASEY, U.S. Attorney General; JONATHAN SCHARFEN, Acting Director, United States Citizenship and Immigration Services; RUTH DOROCHOFF, District Director, Chicago, Illinois, Citizenship & Immigration Service; F. GERARD HEINAUER, Director, Nebraska Service Center. | FILED: SEPTEMBER 3, 2008 08CV5020 JUDGE GRADY MAGISTRATE JUDGE SCHENKIER PH |
| Defendants. | |

**COMPLAINT FOR WRIT OF MANDAMUS AND
PETITION FOR HEARING ON NATURALIZATION APPLICATION**

NOW COMES the Plaintiff, Elzbieta Chwascinska ("Ms. Chwascinska"), by and through her attorneys, AZULAYSEIDEN LAW GROUP, and respectfully petitions this Court for a hearing on her Naturalization Application, and in support thereof, states as follows:

**STATEMENT OF ACTION**

1.    This action is brought to compel action pursuant to 8 USC §§ 1446 & 1447 (Sections 335 & 336 of the Immigration & Nationality Act) on an Application for Naturalization ("N-400") properly filed with the United States Citizenship and Immigration Services ("USCIS") by Ms. Chwascinska in accordance with the requirements of 8 USC § 1445 (Section 334 of the Immigration & Nationality Act).  Defendants' unreasonable delay in adjudicating the application has worked to detriment Ms. Chwascinska.

<u>**JURISDICTION AND VENUE**</u>

2.     This Court has jurisdiction pursuant to 8 USC § 1447(b) and Immigration and Nationality Act ("INA" or "the Act") Section 336(b).  These provisions specifically provide for judicial review when USCIS fails to make a decision on a naturalization application within 120 days after examination. This Court has original jurisdiction to hear both civil actions arising under the laws of the United States and actions to compel an officer or employee of the United States or any agency thereof to perform a duty. 28 USC §1331; 28 USC §1361. This Court also has jurisdiction to grant declaratory relief pursuant to 28 USC §§2201-2202.

3.     This action is brought to compel Defendants, who are officers of the United States, to perform their duties arising under the laws of the United States. Pursuant to the Administrative Procedures Act, 5 USC §701 *et seq.*, this Court has jurisdiction to hear actions arising from claims that an agency, officer, or employee of a government agency failed to act in its, his, or her official capacity and the person to whom the duty was owed suffered a legal wrong.

4.     This action invokes Ms. Chwascinska's right of due process under the Fifth Amendment of the United States Constitution, over which this Court maintains jurisdiction. This action is brought due to the failure of Defendants to perform their duty to adjudicate Ms. Chwascinska's N-400 Application for Naturalization under Section 334 of the Act within a reasonable amount of time.  Failure to adjudicate said application has resulted in harm to Ms. Chwascinska.

5.     Venue is proper in the Northern District of Illinois because Ms. Chwascinska resides in the Northern District of Illinois, a substantial part of the activities complained of occurred in the Northern District of Illinois, and this is an action against officers of the United

States and their official capacities.  28 USC §1391(e).

6.      This Court also has jurisdiction to award Ms. Chwascinska reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 USC §2412, for failure of the Defendants to perform their duties within the statutory time period.

## PARTIES

7.      Ms. Chwascinska is a native and citizen of Poland, who has been a Lawful Permanent Resident since February 11, 2002.  A true and correct copy of Ms. Chwascinska's permanent resident card is attached hereto as **Exhibit 1**.  She has continuously resided in the United States, has satisfied the residency requirements for naturalization, has been a person of good moral character, and has demonstrated and passed all examinations (knowledge of the English language, U.S. government and history) required by INA § 316, 8 USC. §1427.

8.      Defendant Michael Chertoff ("Chertoff") is the Secretary for the Department of Homeland Security ("DHS") and is being sued in his official capacity.  Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant Chertoff, through his delegates, has authority to adjudicate naturalization applications filed with USCIS to accord applicants citizenship under the provisions of §335 of the INA, 8 USC §1446.

9.      Defendant Michael B. Mukasey ("Mukasey") is the Attorney General of the United States and is being sued in his official capacity.  Mukasey is authorized to promulgate regulations governing the implementation and administration of the Immigration and Nationality Act pertaining to the naturalization of legal resident aliens and other qualified aliens.

10.     Defendant Jonathan Scharfen ("Scharfen"), the Acting Director of the United States Citizenship and Immigration Services, is being sued in his official capacity only.  His Under

Secretary position within the Department of Homeland Security charges him with supervisory authority over federal and contract employees who are responsible for the processing of immigration benefits.

11.    Defendant Ruth Dorochoff ("Dorochoff") is the District Director of Chicago USCIS and is being sued in her official capacity only.  Dorochoff is charged with supervisory authority over all of Chicago USCIS operations and USCIS agents and officers acting in their official capacity.

12.    Defendant F. Gerard Heinauer ("Heinauer") is the Acting Director of the USCIS Nebraska Service Center and is being sued in his official capacity only.  Heinauer is charged with supervisory authority over all of the Nebraska USCIS operations where Ms. Chwascinska's application is currently pending.

## EXHAUSTION OF REMEDIES

13.    Ms. Chwascinska has exhausted all administrative remedies.  Ms. Chwascinska has made numerous inquiries concerning the status of the application, all of which the Defendants have failed to answer.  As of the date of the filing of this complaint, there are no outstanding issues and no requests for evidence pending.

## CAUSE OF ACTION

14.    Ms. Chwascinska filed Form N-400, Application for Naturalization with the USCIS on or about July 25, 2007, pursuant to §334 of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 8 U.S.C. §1445.

15.    Ms. Chwascinska followed the appropriate procedures for the naturalization process. Ms. Chwascinska attended a biometrics appointment prior to being scheduled for her

naturalization interview.

16.      On or about March 4, 2008, Ms. Chwascinska appeared for her Naturalization Interview conducted by USCIS Officer N. Allen.  At her scheduled interview, Ms. Chwascinska passed the test of English and U.S. history and government; however, Officer Allen refused to make a recommendation for approval.  A true and correct copy of the Naturalization Interview Results sheets is attached hereto as **Exhibit 2**.  Instead, Officer Allen issued a Form N-14, requesting that Ms. Chwascinska present her expired passport for inspection.  Ms. Chwascinska returned the same afternoon, March 4, 2008, with the requested passport for inspection.  A true and correct copy of Ms. Chwascinska's expired passport is attached hereto as **Exhibit 3**.

17.      Despite having returned the same afternoon with her passport, Officer Allen advised Ms. Chwascinska that she would have to wait for a notice from the Chicago District Office relative to a recommendation for approval on her application for naturalization.

18.      Ms. Chwascinska waited for a notice from the Chicago District Office after the interview.  She never received said notice or any additional requests for evidence.

19.      Ms. Chwascinska filed through counsel on March 14, 2008, an inquiry to the USCIS Chicago District Office requesting a status update.  A true, correct, file-stamped copy of this inquiry is attached hereto as **Exhibit 4**.  The Defendants never responded to Ms. Chwascinska's request.

20.      On May 29, 2008, after having waited for more than two months for a response from the Defendants, Ms. Chwascinska filed through counsel a second inquiry to the USCIS Chicago District Office requesting an additional status update.  A true, correct, file-stamped copy of this inquiry is attached hereto as **Exhibit 5**.  The Defendants never responded to Ms.

Chwascinska's second inquiry.

21.    On July 31, 2008, Ms. Chwascinska submitted through counsel a third inquiry to the USCIS Chicago District Office, requesting the adjudication of her case prior to August 31, 2008.  A true, correct, file-stamped copy of this inquiry is attached hereto as **Exhibit 6**.

22.    Finally, on August 29, 2008, Ms. Chwascinska appeared through counsel at an Infopass Appointment at the Chicago District Office to request status of her pending application. She was merely advised that her application is still pending.  The USCIS Infopass Officer did not disclose any additional reasons as to why this case is still pending.  Ms. Chwascinska was advised to wait for a notice from USCIS.

23.    As of the date of the filing of this complaint, the Defendants have failed to advise Ms. Chwascinska of the status of her case, have not issued any additional requests for evidence, and have not adjudicated her application for naturalization.

24.    There has not yet been a decision on Ms. Chwascinska's N-400 Application, despite the fact that it has been pending since July 25, 2007, approvable since March 4, 2008, and throughout that time numerous inquires have been made with the USCIS.

25.    INA Section 336 (b), 8 U.S.C.S. §1447(b) states in pertinent part:

> (b)    If there is a failure to make a determination under [INA] §335 [8 U.S.C. §1446] *before the end of the 120 day period after the date on which the examination is conducted* under such Section, the applicant may apply to the United States District Court for the District in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions to the Service to determine the matter.

[(emphasis added)].

26.    The majority of courts to consider the issue have determined that the

"examination" referred to in 8 USCS §1447(b) is the initial naturalization interview.  *See U.S. v. Hovespian*, 359 F.3d 1144, 1151 (9th Cir. 2004); *See also, Castracani v. Chertoff*, 377 F. Supp. 2d 71 (D.C. Cir. 2005); *Angel v. Ridge*, 2005 U.S. Dist. LEXIS 10667 (S.D. Ill. 2005); *Daour v. Chertoff*, 2005 U.S. Dist. LEXIS 18325 (W.D. Pa. 2005).

27.    Further, jurisdictions to recently consider the issue were so disturbed by the lack of good cause in the length of the delay that they ordered DHS to administer the oath by a certain date.  *See Vladimirovna v. Gonzales*, 2007 U.S. Dist. LEXIS 28993 (N.D. Cal. 2005) (ordering Chertoff or his designated officer to administer the oath after the termination of a 60- day stay on the order); *Al Salah, et al. v. USCIS Detroit*, 2007 WL 925693 (E.D. Mich. 2007) (directing the CIS to render its decision within 120 days of the order); *Hassan v. Chertoff*, No. 07-142-RGK (C.D. Cal. May 4, 2007) (directing CIS to render a decision by the end of September 2007); *Al Mohammed v. USCIS*, 2007 U.S. Dist. LEXIS 49174 (E.D. Mich. 2007) (directing USCIS to render its decision within 120 days of the order); *Jones v. Gonzales*, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("no agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity"); *Naos v. Swacina*, No. 07-20724 (S. D. Fla. June 27, 2007) (ordering USCIS to adjudicate Plaintiff's application within 120 days); *Al-Farisi v. Mueller*, 2007 U.S. Dist. LEXIS 43273 (S.DN.Y. June 14, 2007) (ordering: (1) the FBI to report the results of the plaintiff's name check within 30 days of the order;  (2) USCIS to adjudicate the petition within 30 days of receiving the FBI's report; and (3) to swear the plaintiff in within 30 days thereafter).

28.    Pursuant to §336, 8 USC §1447, Dorochoff was required to make a determination on Ms. Chwascinska's application for naturalization within 120 days following examination.  That said period has expired, having lapsed July 4, 2008.

29.    Defendants' refusal to act in this case is arbitrary and not in accordance with the law.  Defendants have willfully and unreasonably delayed the adjudication of and withheld a decision on Ms. Chwascinska's application.  The Defendants' delay in the processing of Ms. Chwascinska's application has further deprived her of her right to due process under the law as provided by the Fifth Amendment to the United States Constitution.

<u>**REQUEST FOR RELIEF**</u>

WHEREFORE, Ms. Chwascinska prays that this court grant her the following relief:

A.  Assume jurisdiction over the case and naturalize her under the terms of 8 USC § 1447(b);

B.  Grant her citizenship pursuant to her application for naturalization, or, alternatively, order Defendants to adjudicate her application within 60 days;

C.  Award Ms. Chwascinska reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 USC §2412, for failure of Defendants to perform their duties within the statutory time period; and

D.  Such other relief at law and in equity as justice may so require.

Respectfully submitted,

s/Kristin Lopez
_____
Kristin Lopez
AZULAYSEIDEN LAW GROUP
Counsel for Plaintiff
205 North Michigan Avenue, 40th Floor
Chicago, Illinois 60601
312.832.9200

## CERTIFICATE OF SERVICE

TO:    U.S. Attorney General                    District Director, USCIS
       Michael B. Mukasey                       Ruth Dorochoff
       U.S. Department of Justice               101 West Congress Parkway
       950 Pennsylvania Avenue, NW               Chicago, IL 60605
       Washington, D.C. 20530-0001              **Via Certified Mail**
       **Via Certified Mail**


       Acting Director of USCIS                 Secretary of DHS
       Jonathan Scharfen                        Michael Chertoff
       Office of Chief Counsel                  Office of General Counsel
       U.S. Dept. of Homeland Security          U.S. Dept. of Homeland Security
       20 Massachusetts Ave., NW Rm. 4025       Washington, D.C.  20528
       Washington, D.C. 20236                   **Via Certified Mail**
       **Via Certified Mail**


       Director of Nebraska Service Center      Assistant U.S. Attorney
       Gerard Heinauer                          Dirksen Federal Building
       850 S Street                             219 S. Dearborn Street, Fifth Floor
       P.O. Box 82521                           Chicago, IL  60604
       Lincoln, NE  68508                       **Via Certified Mail**
       **Via Certified Mail**


   PLEASE TAKE NOTICE that on September 3, 2008, Plaintiff filed with the United States District Court for the Northern District of Illinois, her Complaint for Writ of Mandamus and Petition for Hearing on Naturalization Application.

                         s/ Kristin Lopez
                         Kristin Lopez
                         AzulaySeiden Law Group
                         205 N. Michigan Avenue, 40th Floor
                         Chicago, Illinois 60601
                         312.832.9200

08CV5020
JUDGE GRADY
MAGISTRATE JUDGE SCHENKIER

PH



**Department of Homeland Security**
**U.S. Citizenship and Immigration Service**

**N-652  Naturalization Interview Results**

PH

A#: _____ 79 272 156_____

On___ 03/04/08 ____, you were interviewed by CIS Officer: _____ **N. Allen** _____

☒ You passed the tests of English and U.S. history and government.
☐ You passed the test of U.S. history and government and the English language requirement was waived.
☐ The Service has accepted your request for a Disability Exception.  You are exempted from the requirement to demonstrate English language ability and/or knowledge of U.S. history and government.
☐ You will be given another opportunity to be tested on your ability to _____ speak/ _____read / _____ write and understand English.
☐ You will be given another opportunity to be tested on your knowledge of U.S. history and government.

☒ Please follow the instructions on the Form N-14.
☐ CIS will send you a written decision about your application.

☐ You did not pass the second and final test of your _____ English ability / _____ knowledge of U.S. history and government.  You will not be rescheduled for another interview for this N-400. CIS will send you a written decision about your application.

A)_____ **Congratulations!  Your application has been recommended for approval.  At this time, it appears that you have established your eligibility for naturalization.  If final approval is granted, you will be notified when and where to report for your Oath Ceremony.**

B)__X___ **A decision cannot yet be made about your application.**

**It is very important that you:**
√   Notify CIS if you change your address.
√   Come to any scheduled interview.
√   Submit all requested documents.
√   Send any questions about this application in writing to the officer named above.  Include your full name, A-number, and a copy of this paper.
√   Go to any oath ceremony that you are scheduled to attend.
√   Notify USCIS as soon as possible in writing if you cannot come to any scheduled interview or oath ceremony.  Include a copy of this paper and a copy of the scheduling notice.

NOTE:  Please be advised that under Section 336 of the Immigration and Nationality Act, you have the right to request a hearing before an immigration officer if your application is denied, or before the U.S. District Court if USCIS had not made a determination on your application within 120 days of the date of your examination.

Form N-652 (01/14/05)N



JUDGE GRADY

MAGISTRATE JUDGE SCHENKIER

PH



Rzeczpospolita Polska

Władze Rzeczypospolitej Polskiej zwracają się z uprzejmą prośbą do wszystkich, których może to dotyczyć o okazanie posiadaczowi tego paszportu wszelkiej pomocy jaka może okazać się niezbędna w czasie pobytu za granicą.

The Authorities of the Republic of Poland kindly request all those whom it may concern, to provide the bearer of this Passport with all assistance that may be deemed necessary whilst abroad.

Les autorités de la République de Pologne demandent à toutes les autorités à qui il peut appartenir de bien vouloir prêter au titulaire de ce passport assistance au cas où il aurait besoin lors de son séjour à l'étranger.

Польской Республики обращается ко всем, кого это касается с настоящей просьбой оказать владельцу этого паспорта всякую необходимую помощь во время его пребывания за границей.

PASZPORT

AA1832444





EXHIBIT

3

Ograniczenia ważności paszportu.

Restrictions in the validity of this Passport.

Restrictions de la validité de passeport.

Ограничения действительности паспорта.

Każdy, kto znalazł ten paszport proszony jest o przekazanie go najbliższej ambasadzie lub konsulatowi Rzeczypospolitej Polskiej, a w Polsce jednostce Policji.

Any Person finding this Passport is kindly requested to return it to the nearest Embassy or Consular Office of the Republic of Poland or to a Police Station when in Poland.

Quiconque trouvera ce passeport est prié de bien vouloir le remettre à l'Ambassade ou au Consulat de la République de Pologne le plus proche ou sur le territoire de Pologne, à un commissariat de police.

Просьба к каждому, кто нашёл этот паспорт, передать его в ближайшее посольство или консульство Республики Польша, или в Польше - в ближайшее отделение полиции.

## DZIECI / CHILDREN

| NAZWISKO / SURNAME | IMIĘ / GIVEN NAME | DATA URODZENIA / DATE OF BIRTH | PŁEĆ / SEX |
|---|---|---|---|

# POUCZENIA

Paszport jest dokumentem urzędowym uprawniającym do przekraczania granicy i pobytu za granicą oraz poświadczającym obywatelstwo polskie, a także tożsamość osoby w nim wskazanej w zakresie danych, jakie dokument ten zawiera.

Paszport wydaje się na jedną osobę. Może obejmować także wpisane na stronie 2 dzieci do lat szesnastu, jeśli odbywają podróż pod opieką posiadacza paszportu.

Paszport ważny jest przez 10 lat od daty jego wydania. Utrata ważności paszportu nie pozbawia jego posiadacza prawa przybycia na podstawie tego paszportu na terytorium Rzeczypospolitej Polskiej.

Paszport ważny jest na wszystkie kraje świata i uprawnia do wielokrotnych przekroczeń granicy chyba, że jego ważność została ograniczona co uwidoczniono na stronie 3.

Paszport unieważniony na podstawie decyzji uprawnionego organu podlega zwrotowi organowi paszportowemu.

Paszport zawierający wady, uniemożliwiające stwierdzenie tożsamości osoby albo co do którego istnieje uzasadnione podejrzenie, że został podrobiony lub przerobiony albo unieważniony nie uprawnia do przekroczenia granicy.

W takim przypadku paszport może zostać zatrzymany.

W razie utraty paszportu w kraju należy niezwłocznie powiadomić organ paszportowy lub Policję, a za granicą najbliższą placówkę lub konsulat Rzeczypospolitej Polskiej.



**UNITED STATES OF AMERICA VISA**

Issuing Post Name
KRAKOW

Control Number
19961416040010

Surname
CHWASCINSKA

Given Name
ELZBIETA

Visa Type/Class
R-   H2A

Passport Number
AA1832444

Sex
F

Birth Date
27DEC1965

Nationality
POL

Entries

Issue Date
20MAY1996

Expiry Date
20NOV1996

Annotation

PN-ABBEY BUILDING AND FLOORING CO., CHICAGO,
P#-LIN-96-148-50705        PED-31JAN1997

08808355

VNPOLCHWASCINSKA<<ELZBIETA<<<<<<<<<<<<<<<<<<
AA18324442POL6512275F9605202H5200B8EA66BF665























# AZULAYSEIDEN LAW GROUP

205 North Michigan Ave. | 40th Floor | Chicago, Illinois 60601
ph. 312.832.9200 | fx. 312.832.9212 | www.azulayseiden.com

FROM THE DESK OF:
Kristin Lopez
312.832.9200 ext. 149
klopez@azulayseiden.com



March 13, 2008

Attn: Officer Nora Allen
Department of Homeland Security
U.S. Citizenship and Immigration Services
101 W. Congress Parkway, Third Floor
Chicago, Illinois 60605

**MAR 1 4 2008**

08CV5020
JUDGE GRADY
MAGISTRATE JUDGE SCHENKIER

PH

|  |  |
|---|---|
| Re: | Status Inquiry / Form N-400. / Application for Naturalization |
| Applicant: | CHWASCINSKA, Elzbieta |
| Alien No.: | 079 272 156 |

Dear Officer Allen:

Please be advised that we represent the above named individual. Our duly-executed Form G-28 is attached for your reference.

On March 04, 2008, Ms. Chwascinska appeared before you for her naturalization interview. You did not make decision on her application at that time. You alleged that someone else apparently used our client's passport to secure an illegal entry to the United States. Consequently, you requested a copy of her old passport. It was delivered to you on the same day as her interview. Despite the fact that our client immediately presented you with the requested information, you advised her that she would nevertheless have to wait for your decision in the mail.

As of the date of this letter, our client has not heard from you regarding your decision on this matter. At your earliest convenience, please advise our office as to the status of this case.

Thank you for your immediate attention to this matter. Please contact me directly should you have any questions or concerns.

Sincerely,

Kristin Lopez
AzulaySeiden Law Group

KL/meh/Encl.
Cc: YJA/ E. Chwascinska
Our File No. 108-00228



# AZULAYSEIDEN LAW GROUP

205 North Michigan Ave. | 40th Floor | Chicago, Illinois 60601
ph. 312.832.9200 | fx. 312.832.9212 | www.azulayseiden.com

FROM THE DESK OF:
Kristin Lopez
312.832.9200 ext. 149
klopez@azulayseiden.com

08CV5020

JUDGE GRADY

MAGISTRATE JUDGE SCHENKIER

PH

May 29, 2008

MAY 2 9 2008

**Attn:** Officer Nora Allen
Department of Homeland Security
U.S. Citizenship and Immigration Services
101 W. Congress Parkway, Third Floor
Chicago, Illinois 60605

|         |                                                       |
|---------|-------------------------------------------------------|
| Re:     | Follow-up on N-400, Application for Naturalization    |
| Applicant: | CHWASCINSKA, Elzbieta                              |
| Alien No.: | 079 272 156                                         |

Dear Officer Allen:

Please be advised that we represent the above named individual. Our duly-executed Form G-28 is attached for your reference.

On March 04, 2008, Ms. Chwascinska appeared before you for her naturalization interview. You did not make decision on her application at that time. You alleged that someone else apparently used our client's passport to secure an illegal entry to the United States. Consequently, you requested a copy of her old passport. It was delivered to you on the same day as her interview. Despite the fact that our client immediately presented you with the requested information, you advised her that she would nevertheless have to wait for your decision in the mail.

As of the date of this letter, our client has not heard from you regarding your decision on this matter. At your earliest convenience, please advise our office as to the status of this case.

Thank you for your immediate attention to this matter. Please contact me directly should you have any questions or concerns.

Sincerely,

Kristin Lopez
AzulaySeiden Law Group

KL/meh/Encl.
Cc: YJA/ E. Chwascinska
Our File No. 108-00228



EXHIBIT
5

# AZULAYSEIDEN LAW GROUP

205 North Michigan Ave. | 40th Floor | Chicago, Illinois 60601
ph. 312.832.9200 | fx. 312.832.9212 | www.azulayseiden.com

FROM THE DESK OF:
Kristin Lopez
312.832.9200 ext. 149
klopez@azulayseiden.com

08CV5020

JUDGE GRADY

MAGISTRATE JUDGE SCHENKIER

**Via Hand Delivery**

PH

July 30, 2008

Department of Homeland Security
U.S. Citizenship and Immigration Services
Attn: **Officer Nora Allen**
101 W. Congress Parkway, Third Floor
Chicago, Illinois 60605

JUL 3 1 2008

Re:          Follow-up on N-400, Application for Naturalization
Applicant:   CHWASCINSKA, Elzbieta
Alien No.:   079-272-156

Dear Officer Allen:

Our office continues to represent the above named individual. Our duly-executed Form G-28 is attached for your reference.

On March 04, 2008, Ms. Chwascinska appeared before you for her naturalization interview. You did not make decision on her application at that time. You alleged that someone else apparently used our client's passport to secure an illegal entry to the United States. Consequently, you requested a copy of her old passport. It was delivered to you on the same day as her interview. Despite the fact that our client immediately presented you with the requested information, you advised her that she would nevertheless have to wait for your decision in the mail.

On March 14, 2008, and May 29, 2008, our office submitted follow-up letters to your attention requesting status and a decision on this pending application. Enclosed please find file-stamped copies of our previous requests for your review. We have not received a response to either of these requests.

More than 120 days have passed since you interviewed our client in connection with her naturalization application, and you have failed to make a decision on this application. As of the date of this letter, we have not received any additional requests for evidence. Since no further documentation is required, we respectfully request that you issue your decision prior to August 31, 2008. In the event that you do not make a decision prior to August 31, 2008, our office intends to pursue a mandamus action in the U.S. District Court on September 1, 2008, in accord with Section 336 of the Immigration and Nationality Act.



We look forward to hearing from you soon. Thank you for your immediate attention to this matter.

Sincerely,

Kristin Lopez
AzulaySeiden Law Group

KL/meh/Encl.
Cc: YJA/ E. Chwascinska
Our File No. 108-00228